**Mykola HOROBETS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74433.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2006.

Filed Nov. 17, 2006.

Mykola Horobets, San Francisco, CA, pro se.

Jagdip Singh Sekhon, Esq., Scott Mossman, Sekhon & Sekhon, PLC, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Donald E. Keener, Esq., Francis W. Fraser, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GIBSON *, FISHER and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Mykola Horobets, a Ukranian national, petitions the court for review of a Board of Immigration Appeals (BIA) decision denying asylum, withholding of removal and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(b) and review the BIA's denial for substantial evidence. *Unuakhau-lu v. Gonzales*, 416 F.3d 931, 937 (9th Cir.2005). Because the record compels the conclusion that Petitioner was persecuted on account of religion, we grant in part and deny in part the petition for review and remand for further proceedings.

## I. Past Persecution

The BIA affirmed without opinion the Immigration Judge's (IJ) determination that although Petitioner credibly testified that he was subjected to discrimination on the basis of religion, he did not suffer persecution as defined under 8 U.S.C. § 1101(a)(42)(A). This conclusion is not supported by substantial evidence.

As a member of the Evangelical Baptist Church, Petitioner faced significant

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

harassment and discrimination in a community composed predominantly of members of the Ukranian Orthodox Church. When Petitioner decided to build a place of worship for Baptists in the City of Ivamivtsy, his efforts were met with vandalism and violence. Over a period of seven years, Petitioner was detained by the police for almost 30 hours, warned by local law enforcement authorities to stop construction on the church, repeatedly ignored by police when he reported thefts from the church building site, beaten inside the church by vandals so badly that his chest was entirely covered in bruises, and was told by police officers that if he did not stop the renovation much worse things would happen to him and he would "not be able to see" his children.

We need not decide whether any one of those incidents rises to the level of persecution because their cumulative effect persuades us that a finding of past persecution is compelled. *See Krotova v. Gonzales,* 416 F.3d 1080, 1085 (9th Cir.2005) (holding that the cumulative effect of economic pressure and two acts of violence compelled a finding of past persecution). Petitioner has offered evidence of a series of specific and menacing threats accompanied by violent confrontations and acts of vandalism. That evidence is sufficient to compel a finding of past persecution. *See Mashiri v. Ashcroft,* 383 F.3d 1112, 1119, 1121 (9th Cir.2004) (holding that alien "proved past persecution in this case with her credible account of a death threat, violence against family members, vandalism, economic harm and emotional trauma").

■ Nor may Respondent seek shelter in the fact that the beating of Petitioner was committed by unidentified individuals wearing civilian clothes. Evidence presented by Petitioner compels the conclusion that the beating was the result of the government's unwillingness to control the violent acts of Petitioner's assailants. *See B. Singh v. INS,* 134 F.3d 962, 967 n. 9 (9th Cir.1998) (holding that for purposes of asylum, persecution includes the acts of "private individuals that the government is unable or unwilling to control"). Local officials not only condoned the attack at the church, they promised an escalation of harm by threatening Petitioner that unless he stopped renovation of the church facility, worse harms would befall him. The authorities told Petitioner, "You still have two children that you may, will not be able to see them. You don't know how strong we are." By making it clear that they would not help Petitioner and suggesting that he abandon the church renovations, local authorities demonstrated that they were unwilling to prevent the persecution inflicted on him. *See Mashiri,* 383 F.3d at 1121 (finding governmental unwillingness to stop anti-foreigner persecution where police told applicant that attacks happened all the time and foreigners "better try to take care of [themselves]").

We hold that Petitioner suffered acts of violence, vandalism, harassment and discrimination that rise to the level of persecution. We concur in the IJ's finding that these acts were motivated by Petitioner's religion. As a result, Petitioner's testimony compels the conclusion that he suffered past persecution on account of religion.

## II. Well–Founded Fear of Future Persecution

■ Petitioner has demonstrated past persecution and therefore is entitled to a presumption of a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1); *Guo v. Ashcroft,* 361 F.3d 1194, 1204 (9th Cir.2004). Because the IJ did not adjudicate Petitioner's claim in light of the shifting presumption, we remand to the BIA under *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per

curiam), to give the government an opportunity to rebut the presumption that Petitioner has a well-founded fear of future persecution because he is an Evangelical Baptist. *See Guo,* 361 F.3d at 1204. We also remand to provide the Attorney General an opportunity to exercise his discretion with respect to whether Petitioner's application for asylum should be granted. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1079 (9th Cir.2004).

### III. Withholding of Removal

■ By demonstrating past persecution, Petitioner is also entitled to a presumption of eligibility for withholding of removal. *See* 8 C.F.R. § 1208.16(b)(1)(i); *Navas v. INS,* 217 F.3d 646, 657 (9th Cir.2000). We remand Petitioner's withholding of removal claim to the BIA for adjudication to provide the government an opportunity to rebut the presumption of eligibility. *See Smolniakova v. Gonzales,* 422 F.3d 1037, 1053 (9th Cir.2005).

### IV. Convention Against Torture

■ Although Petitioner was subjected to a beating, he presented no evidence that a public official had prior "awareness" that the beating was going to occur or could have inferred as much. *See* 8 C.F.R. § 208.18(a)(7); *Ornelas–Chavez v. Gonzales,* 458 F.3d 1052, 1060 (9th Cir.2006) (requiring a showing "that public officials could have inferred the alleged torture was taking place, remained willfully blind to it, or simply stood by because of their inability or unwillingness to oppose it"). Because Petitioner has presented no evidence that he was tortured in the past or that local officials would subject him to acts constituting torture in the future, we deny Petitioner's claim for relief under the CAT.

---

The petition for review is **GRANTED in part; DENIED in part; REMANDED for further proceedings.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.